# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| AMANDA WATKINSON, Individually and On Behalf of All Other Similarly-Situated Persons,<br>*Plaintiff*,<br><br>v.<br><br>BLUE EVENTS & COMPANY LLC and AMBERLEY ADAMS-THOMAS,<br>*Defendants*. | COLLECTIVE ACTION COMPLAINT<br><br>CIVIL ACTION NO. 1:24-cv-00089<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff AMANDA WATKINSON, individually and on behalf of all other similarly-situated persons, brings this action to recover unpaid wages from her former employer, Defendant BLUE EVENTS & COMPANY LLC ("BEC") and AMBERLEY ADAMS-THOMAS (collectively, Defendants") and would respectfully show as follows:

### I.   PARTIES

1. Named Plaintiff AMANDA WATKINSON is an individual residing in this judicial district. Her written consent to participate in this action is attached hereto.

2. Defendant BLUE EVENTS & COMPANY LLC is a domestic limited liability company whose principal place of business is 9900 Spectrum Drive, Austin, Texas 78717. It can be served with process via its registered agent, Amberley S. Adams-Thomas at 1231 FM 3405, Georgetown, Texas 78633 or wherever she may be found.

3. Defendant AMBERLEY ADAMS-THOMAS is an individual residing in this judicial district. She may be served with process at 1231 FM 3405, Georgetown, Texas 78633 or

wherever she may be found.

## II. JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over the federal statutory claims described herein pursuant to 28 U.S.C. § 1331, and 29 U.S.C. §§ 206, 207. Additionally, this collective action is brought under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims over which this court has original jurisdiction that they form part of the same case or controversy.

5. This Court has personal jurisdiction over each Defendant. BEC is a domestic limited liability company whose principal place is located in this judicial district. Ms. Adams-Thomas resides in this judicial district. Defendants employed Ms. Watkinson and, upon information and belief, other members of the putative collective primarily from this judicial district.

6. This Court is a proper venue pursuant to U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III. FACTS

**A. Defendants Directly Employed Event Planners Whom They Misclassified as Outside Independent Contractors.**

7. Defendant BEC is a wedding and event planning company based in this judicial district. Ms. Adams-Thomas is BEC's Owner and Lead Designer.

8. Defendants employed Event Planners, including Ms. Watkinson, whose job duties generally involved working with Defendants' clients, and various third-party vendors, to plan the weddings and events that are central to Defendants' business.

9. Defendants directly hired and supervised Event Planners, including Ms. Watkinson,

and provided extensive training in rendering wedding and event planning services to Defendants' clients.

10. Defendants furnished uniforms, hats, and nametags for Event Planners, including Ms. Watkinson, to wear in the course of performing their job duties.

11. Defendants provide their own equipment (*e.g.*, tablet, lighters, utensils, *etc.*) to Event Planners, including Ms. Watkinson, which they use to perform their job duties. This equipment must be returned to Defendants following an Event Planner's departure.

12. As discussed below, many Event Planners, including Ms. Watkinson, spent over forty (40) hours in workweeks performing services for Defendants during 2022 and 2023.

13. Accordingly, many Event Planners, including Ms. Watkinson, exclusively relied upon their work with Defendants for nearly all of their personal income.

14. Defendants exercised broad control over the performance of Event Planner's duties, including Ms. Watkinson's, by *inter alia*: requiring regular meeting attendance, dictating which venues and vendors an Event Planner can work with, requiring Event Planners to notify them for time away from work, requiring Event Planners to sell and upsell Defendants' selected 'package' options for weddings and events, assigning sales goals, requiring them to sign and abide by confidentiality and non-disclosure agreements during their employment, providing them with personalized Defendant-branded business cards to solicit business with, and the like.

15. Despite these economic realities—and their extensive control over the Event Planners' work performance—Defendants internally classified Event Planners, including Ms. Watkinson, as independent contractors and classified their wages for taxation purposes as 1099 income.

**B. Defendants Employed Event Planners, Including Ms. Watkinson at All Relevant Times Herein, in Interstate Commerce for FLSA Purposes.**

16. Event Planners, including Ms. Watkinson, regularly communicated and transacted with clients and/or third-party vendors from outside the State of Texas.

17. Event Planners, including Ms. Watkinson, solicited business from outside the State of Texas.

18. Event Planners, including Ms. Watkinson, attend wedding professional conventions outside the State of Texas on Defendants' behalf, at Defendants' direction, and in connection with their work with Defendants.

19. Defendant BEC, at all relevant times herein, touted itself on its public website as "a top wedding and event planning company based out of Austin, Texas serving nation wide [sic]."

**C. Defendants Violated the Minimum Wage and Overtime Protections of the FLSA With Their Compensation Policies.**

20. Defendants paid Event Planners, including Ms. Watkinson, a mixture of an occasional hourly wage for certain tasks and a commission based on the value and cost of the events planned by the Event Planner.

21. Defendants do not effectively communicate to Event Planners, including Ms. Watkinson, when or how hourly wages and commissions will be paid and, as a practical matter, Defendants rarely paid any wages to Event Planners, including Ms. Watkinson, in any given workweek.

22. Defendants rarely paid Event Planners, including Ms. Watkinson, $7.25 per hour or more for the work performed in a workweek.

23. At all times relevant herein, Defendants did not pay overtime (*i.e.*, time-and-a-half)

wages to Event Planners, including Ms. Watkinson, for any hours worked over forty (40) in a workweek.

24. Event Planners, including Ms. Watkinson, regularly send work-related correspondence both during and after normal business hours that Defendants could easily monitor.

**D. Defendants Violated Numerous Federal and State Wage Laws in Connection with Event Planners' Employment.**

25. Ms. Watkinson began working for Defendants in March 2022 as an Event Planner before her departure in October 2023.

26. The Parties had a valid agreement whereby Ms. Watkinson would be paid a commission based on services Ms. Watkinson provided to Defendants' customers in the course of planning the customers' weddings and events.

27. Throughout her employment, Defendants did not regularly issue weekly paychecks to Ms. Watkinson or others, and in any event, entirely failed to pay Ms. Watkinson at least $7.25 per hour worked.

28. Throughout her employment, Defendants never paid Ms. Watkinson one-and-a-half times her regular rate of pay for hours worked over forty (40) in a workweek.

29. Following her departure in October 2023, Defendants breached the agreement with Ms. Watkinson by refusing to pay the outstanding commissions it owed for services Ms. Watkinson provided to Defendants' customers.

30. Undersigned counsel, on behalf of Ms. Watkinson, notified Defendants of this alleged breach of the agreement—in writing—more than thirty (30) days before the filing of this Original Complaint

31. Defendants have nonetheless refused to pay the just amount owed as of the filing

of this Original Complaint.

### IV.  CAUSE OF ACTION ONE – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

32. Ms. Watkinson incorporates all prior and subsequent paragraphs into this section as if set forth verbatim herein.

33. Section 6 of the FLSA requires an employer to "pay to each of his employees who in any workweek is engaged in commerce…or is employed in an enterprise engaged in commerce…wages at…$7.25 an hour[.]" 29 U.S.C. § 206(a).

34. Event Planners, including Ms. Watkinson, were employees of Defendants who were engaged in commerce at all relevant times herein.

35. Defendants continuously failed to pay Event Planners, including Ms. Watkinson, $7.25 per hour worked during—at a minimum—2022 and 2023.

36. As a direct and proximate cause of Defendants' violations of the FLSA's minimum wage protections, Event Planners, including Ms. Watkinson, incurred the damages set forth below.

### V.  CAUSE OF ACTION TWO – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

37. Ms. Watkinson incorporates all prior and subsequent paragraphs into this section as if set forth verbatim herein.

38. Section 7 of the FLSA forbids an employer from "employing any of his employees who in any workweek is engaged in commerce…or is employed in an enterprise engaged in commerce…for a workweek longer than forty hours unless such employee receives compensation…in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

39. Event Planners, including Ms. Watkinson, were employees of Defendants who were engaged in commerce at all relevant times herein.

40. Although Event Planners, including Ms. Watkinson, worked more than 40 hours for Defendants throughout 2022 and 2023, Defendants wholly failed to pay a wage of one-and-a-half times their regular rate of pay per hour worked over forty (40) in these workweeks.

41. Defendants knew, or should have known, that Event Planner worked more than forty (40) hours per workweek during 2022 and 2023.

42. As a direct and proximate cause of Defendants' violations of the FLSA's overtime protections, Event Planners, including Ms. Watkinson, incurred the damages set forth below.

## VI.   CAUSE OF ACTION THREE – BREACH OF CONTRACT IN VIOLATION OF TEXAS COMMON LAW

43. Ms. Watkinson incorporates all prior and subsequent paragraphs into this section as if set forth verbatim herein.

44. Defendants and Event Planners, including Ms. Watkinson, entered valid and enforceable employment contracts whereby, in exchange for commissioned wages, they would perform work for Defendants as Event Planners.

45. Event Planners, including Ms. Watkinson, fully performed their obligations under such employment contracts.

46. Defendants breached these contracts by refusing to pay Event Planners, including Ms. Watkinson, the agreed-upon wages.

47. As a direct and proximate cause of Defendants' breaches of contract, Event Planners, including Ms. Watkinson, incurred the damages set forth below.

## VII.   DAMAGES

48. Ms. Watkinson incorporates all prior and subsequent paragraphs into this section

as if set forth verbatim herein.

49. Because of Defendants' above-described unlawful conduct, Event Planners, including Ms. Watkinson, have incurred, and seek recovery of, economic damages, including but not necessarily limited to: (a) unpaid base wages; (b) unpaid overtime wages; (c) unpaid commissions; (d) consequential damages; and (e) incidental damages.

50. Because Defendants knowingly violated the FLSA, Event Planners, including Ms. Watkinson, are further entitled to liquidated damages pursuant to 29 U.S.C. § 216(b);

51. Defendants' refusal to abide by the FLSA required Ms. Watkinson to retain undersigned counsel to prosecute her claims. Accordingly, pursuant to 29 U.S.C. § 216(b), Event Planners, including Ms. Watkinson, are also entitled to attorney's fees and costs incurred in pursuing their FLSA claims.

52. Defendants have breached an oral or written contract between the Parties. Ms. Watkinson is represented by undersigned counsel, and although Ms. Watkinson presented these claims to Defendants and their agent, payment for the just amount owed was not tendered within 30 days of such presentation. Accordingly, Event Planners, including Ms. Watkinson, also seek attorney's fees pursuant to Section 38.001, *et seq*. of the Texas Civil Practice and Remedies Code.

## VIII.   JURY DEMAND

53. Plaintiff demands a trial by jury.

## IX.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Ms. Watkinson respectfully requests that Defendants be cited to appear and that, upon jury trial, that judgment be entered in their favor against Defendants awarding both the Named Plaintiff and the putative collective the following relief:

(a) economic and noneconomic damages as set forth above;

(b) liquidated damages pursuant to 29 U.S.C. § 216(b) as set forth above;

(c) attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and Tex. Civ. Prac. & Rem. Code § 38.001, *et seq.*, as set forth above;

(d) pre- and post-judgment interest; and

(e) any and all other remedies to which Plaintiff is entitled, whether at law or in equity.

DATED: January 25, 2024.

Respectfully submitted,

**KAPLAN LAW FIRM, PLLC**
2901 Bee Cave Rd., Suite G
Austin, Texas 78746
Phone: (512) 553-9390
Fax: (512) 692-2788

/s/ *Trenton Lacy*
Austin Kaplan
Texas Bar No. 24072176
akaplan@kaplanlawatx.com
Trenton Lacy
Texas Bar No. 24106176
tlacy@kaplanlawatx.com

**COUNSEL FOR PLAINTIFF**